IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| ALAN STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| OMAHA TRUCK CENTER INC., doing ) | |
| business as TRUCK CENTER COMPANIES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, by and through attorneys J. Corey Sucher and Dustin L. DeVaughn of DeVaughn James Injury Lawyers and for his claims against Defendant, asserts and alleges:

1. Plaintiff is a resident and citizen of Kansas.

2. Defendant is a foreign corporation incorporated in Nebraska with its principal place of business also in Nebraska. It may be served through its Resident Agent, Capitol Corporate Services, Inc., 700 SW Jackson St., Suite 100, Topeka, Kansas 66603.

3. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

4. At all times relevant hereto, Jackson Grimm (hereinafter, "Defendant Driver") was an employee and/or agent of Defendant; was acting in the course and scope of his employment and/or agency agreement with Defendant; and was hired, trained, supervised, and retained by Defendant.

5. On or about June 26, 2023, Plaintiff was operating a motor vehicle northbound on Hwy 77 in Butler County, Kansas and attempting to travel through the 150th Street intersection

when Defendant Driver, who was operating a Ford van owned and/or leased, dispatched, supervised, controlled, and monitored by Defendant westbound on 150th Street, ran a stop sign / failed to yield to Plaintiff's right-of-way at the Hwy 77 intersection, thereby proximately causing a violent collision (hereinafter, "the collision") between the two vehicles.

6. The actions and/or omissions of Defendant Driver are the actions and/or omissions of Defendant under respondeat superior and vicarious liability.

7. Defendant Driver and, therefore, Defendant, negligently and/or wantonly caused the collision.

8. Specifically, Defendant was negligent and/or wanton as follows:

    a. Stop sign running;

    b. Failure to yield right of way;

    c. Inattentive operation of a motor vehicle;

    d. Failure to keep a proper lookout;

    e. Failure to use ordinary care;

    f. Failure to give warning;

    g. Failure to take evasive action;

    h. Careless driving;

    i. Reckless driving;

    j. Speeding;

    k. Speeding too fast for the conditions of oncoming crossing right of way traffic;

    l. Upon information and belief, operating a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication

    including, but not limited to, a text message, instant message, and/or email, in violation of KSA 8-15,111;

m. Negligence and negligence per se for violations of laws, ordinances, and/or statutes of the state of Kansas and/or the county of Butler;

n. Other negligent actions and/or omissions to be supplemented after discovery; and/or

o. Negligent hiring, training, supervision, and/or retention of Defendant Driver by, upon information and belief, failing to adequately warn and/or suspend and/or terminate and/or train in proper defensive driving skills and/or reprimand; failing to have adequate industry standard-based safety management protocols in place; failing to properly create and implement a formal safety program that would require, in part, Defendant Driver to be comprehensively tested to determine understanding of defensive driving skills training received; failing to test Defendant Driver for alcohol and drug consumption; hiring unfit employees and/or agents, which it knew or should have known posed an undue risk of harm to Plaintiff and others, and failing to properly train, supervise, and monitor them, including, but not limited to, Defendant Driver; retaining employees and/or agents who are not performing their jobs properly or adequately, including, but not limited to, Defendant Driver; failing to use reasonable care in the hiring, selecting, training, monitoring, and retention of its employees and/or agents, including, but not limited to, Defendant Driver; and/or ratifying all conduct of Defendant Driver and/or his supervisory and/or hiring personnel, either expressly and/or impliedly.

9. This Court has jurisdiction over the parties and subject matter, and venue is proper in the Wichita division of the Kansas Federal District Court.

10. As a result of Defendant's negligent and/or wanton actions and/or omissions, Plaintiff sustained personal injuries. Plaintiff's damages include past and future medical expenses; other past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

Plaintiff requests judgment against Defendant in excess of $75,000.00, together with the costs incurred herein and for such other and any further relief this Court deems fair, just, and equitable.

### DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by jury.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ J. Corey Sucher
J. Corey Sucher, #27789
Dustin L. DeVaughn, #16559
1064 SW Wanamaker
Topeka, KS 66604
Telephone: (785) 888-8888
E-Mail: csucher@devaughnjames.com
E-Mail: ddevaughn@devaughnjames.com
*Attorneys for Plaintiff*